**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Orlando Cain Febles, | ) | No. CV07-0728-PHX-SRB |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| P. Rider, et al., | ) | |
| Respondents. | ) | |

Petitioner was charged in state court in November 1996 with six criminal counts arising out of incidents that took place on two separate occasions in June and September, 1995 when Petitioner participated in two separate burglaries and assaults. The June and September incidents were severed for trial. On August 1, 2000, a jury found Petitioner guilty of burglary and aggravated assault arising out of the September 1995 incident. Thereafter, Petitioner plead guilty to one count of aggravated assault arising from the June 1995 incident. As part of his plea agreement, the other three counts arising from the June 1995 incident were dismissed. On January 26, 2001, Petitioner was sentenced to 15 years for the September 1995 burglary and 21 years for the September 1995 aggravated assault to run concurrently and to 10 years for aggravated assault arising out of the June 1995 incident to run consecutively to the other two sentences. After pursuing an appeal and a Petition for Post-Conviction Relief in state court Petitioner filed a Petition for Writ of Habeas Corpus in this

Court on May 31, 2006, raising claims related to his guilty plea to aggravated assault arising from the June 1995 incident and the sentence he received as a result of that guilty plea. On March 31, 2008, this Court ordered that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice finding that two of Petitioner's claims were procedurally defaulted and denying the third claim. See, Docket 24, *Febles v. Rider*, CV 06-1414-PHX-SRB.

On April 9, 2007, Petitioner filed a second Petition for Writ of Habeas Corpus addressing his conviction and sentence arising from the September 1995 incident. At the time the Court issued its screening order and directed Respondents to answer, the Court did not realize that Petitioner had a pending petition arising out of the same state court matter. Respondents opposed the habeas petition arguing that it was second or successive because it challenged the same judgment and sentence that was the subject of Petitioner's first habeas petition. Petitioner argued that because his first habeas petition addressed only one count of his conviction which involved his guilty plea to aggravated assault for the incident in June 1995 that he could bring a second habeas petition addressing only his convictions for burglary and aggravated assault from the September 1995 incident.

On June 10, 2008, the Magistrate Judge issued his Report and Recommendation recommending that this petition be dismissed because it is a second or successive petition within the meaning of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, and Petitioner failed to comply with the requirement that he seek Court of Appeals permission to file his second petition. *See*, 28 U.S.C. §2244(b)(4). Alternatively, the Magistrate Judge recommended that Petitioner's claims be denied on the merits should the Court determine that the petition is not second or successive.

On May 12, 2008, the Ninth Circuit Court of Appeals issued its decision in *Woods v. Carey*, No. 05-55302, in which it held that the district court should have construed a second habeas petition filed while a first habeas petition was pending as a motion to amend the first habeas petition. The mandate in *Woods v. Carey* issued on June 4, 2008. The Court will analyze this case on its merits and as if the second habeas petition constitutes an amendment

1 to Petitioner's first habeas petition. The Court agrees with the Magistrate Judge that
2 Petitioner's second habeas petition must be denied on the merits.

3 Petitioner filed objections to the Report and Recommendation arguing that his petition
4 not be dismissed as second or successive because his attorney advised him to file two
5 separate habeas petitions and he followed his attorney's instructions. If this Court lacks the
6 authority to consider this petition because it is second or successive, the fact that Petitioner's
7 lawyer erroneously advised him to file two separate petitions could not vest this Court with
8 jurisdiction. Petitioner also objects to the Magistrate Judge's conclusion that his speedy trial
9 rights were not violated. Petitioner asks that the Court consider a fax from his trial
10 investigator purportedly showing that a Glendale, Arizona police detective was aware that
11 Petitioner was in custody in California in 1995. Petitioner did not object to any of the other
12 factual or legal conclusions of the Magistrate Judge including his determination that
13 Petitioner failed to show ineffective assistance of counsel or that his rights were violated in
14 light of *Apprendi v. New Jersey* and *Blakely v. Washington*. Petitioner also did not challenge
15 the Magistrate Judge's finding that Petitioner's claim that the trial judge improperly
16 aggravated his sentence was not previously raised in state court and is therefore procedurally
17 defaulted.

18 After a de novo review of the record, the Court agrees with the Report and
19 Recommendation of the Magistrate Judge that while this petition was filed within the
20 AEDPA's statute of limitations, four of Petitioner's claims are without merit and one is
21 procedurally defaulted.

22 The petition raised two claims of ineffective assistance of counsel. Petitioner argued
23 that his counsel spent too much time contesting their fees and generally that his trial counsel
24 and appellate counsel were ineffective. Petitioner offered no evidence to show how the
25 discussion of fees impacted counsel's representation of Petitioner. When this argument was
26 presented to the trial judge, she found that there was no evidence that any compensation
27 issues impacted counsel's representation. Petitioner's general allegation of ineffective
28

- 3 -

1 assistance of counsel is supported by no evidence, and the Court agrees with the Magistrate
2 Judge that there has been no attempt by Petitioner to satisfy the *Strickland* requirements.

3 Petitioner argued the identical *Apprendi* and *Blakely* issues in this second habeas
4 petition that were raised and considered in his first habeas petition. For the reasons expressed
5 in the prior order, the Court again concludes that the application of *Apprendi* to Petitioner's
6 claims was not clearly contrary to federal law. The state court followed the law as interpreted
7 in the time between *Apprendi* and *Blakely*.

8 Petitioner's procedurally defaulted claim is his claim that the trial judge aggravated
9 his sentence for no apparent reason. There is no evidence that this claim was ever raised in
10 the state court and, therefore, it cannot be considered here.

11 The only claim to which objections were made is the claim that Petitioner's rights to
12 a speedy trial were denied. As the Magistrate Judge noted, the state trial court held an
13 evidentiary hearing on this issue and concluded that the State of Arizona did not know of
14 Petitioner's incarceration in California until 1998. This factual determination made by the
15 state court was not based on an unreasonable determination of the facts in light of the
16 evidence presented in the state court proceedings, and this claim must also be denied. The
17 mere attachment of a unauthenticated copy of a fax from an investigator to Petitioner's
18 counsel cannot overcome the state court's factual determination after an evidentiary hearing.
19 Petitioner's second petition considered on its merits must be denied and dismissed with
20 prejudice.

21 Alternatively, if this is a second or successive petition this Court has no authority to
22 consider it in the absence of compliance with 28 U.S. C. §2244(b)(3)(A).

23 IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge
24 as the order of this Court.

25 IT IS FURTHER ORDERED overruling Petitioner's Objection to the Report and
26 Recommendation.

27 IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus is
28 denied.

1 | Alternatively,

2 | IT IS FURTHER ORDERED that the Petition is dismissed as second or successive.

4 | DATED this 30th day of June, 2008.

_____
Susan R. Bolton
United States District Judge